NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL GONZALEZ, | Nos. 21-15696 |
| Plaintiff-Appellant, | 22-15523 |
| v. | D.C. No. 2:15-cv-02448-TLN-KJN |
| DEPARTMENT (BUREAU) OF REAL ESTATE, A California State Agency; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| JPMORGAN CHASE BANK, N.A., as successor by merger to Chase Home Finance, LLC; et al., | |
| Defendants. | |

Appeals from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted May 21, 2025**

Before: SILVERMAN, LEE, and VANDYKE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Daniel Gonzalez appeals pro se from the district court's judgment dismissing as a discovery sanction his action alleging federal and state law claims arising from the 2010 revocation of his real estate license. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion in dismissing Gonzalez's action because Gonzalez failed to comply with the district's orders to appear for and participate in his deposition, and the district court found that his behavior was willful and in bad faith. *See* Fed. R. Civ. P. 37(b)(2); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006) ("Rule 37 sanctions, including dismissal, may be imposed where the violation is due to willfulness, bad faith, or fault of the party." (citation, emphasis, and internal quotation marks omitted)); *Rio Props., Inc.*, 284 F.3d at 1022 (discussing five factors courts must weigh in determining whether to dismiss a case for failure to comply with a court order).

The district court did not abuse its discretion in denying Gonzalez's post-judgment motion because Gonzalez failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)).

2                                                                    21-15696

We do not consider Gonzalez's remaining contentions, including his arguments regarding the merits of his claims, because they are outside the scope of these appeals.

Gonzalez's motions for an extension of time to file the reply brief are denied.

All other pending motions are denied as moot.

**AFFIRMED.**